**Margaret E. WHITE, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 00–7130.

United States Court of Appeals, Federal Circuit.

March 27, 2001.

James W. Stanley, Jr., The Stanley Law Firm, of North Little Rock, AR, for claimant-appellant.

Patricia M. McCarthy, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were David M. Cohen, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and Martie Adelman, Attorney, Department of Veterans Affairs, of Washington, DC.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

SCHALL, Circuit Judge.

Margaret White appeals the decision of the United States Court of Appeals for Veterans Claims that affirmed the 1998 decision of the Board of Veterans' Appeals ("Board") that denied her claim for dependency and indemnity compensation

("DIC"). *White v. West,* No. 98–1870, 2000 WL 622674 (Vet.App. May 2, 2000). On appeal, Ms. White argues that the Court of Appeals for Veterans Claims erred as a matter of law when it failed to adopt the "treating physician" rule, which would require that additional evidentiary weight be given to the opinion of a physician who had treated her husband. Because we hold that the court did not err in declining to adopt the rule, we affirm.

## BACKGROUND

Mr. White served on active duty in the United States Army from May 12, 1942, to August 4, 1944, and again from July 7, 1952, to July 6, 1954. Mr. White died on January 3, 1990. At the time of his death, he had a service-connected disability diagnosed as degenerative arthritis of multiple joints, with a 40% disability rating. Mr. White's death certificate lists bacterial pneumonia as the immediate cause of death and arthritis, tendonitis, coronary artery disease, and congestive heart failure as underlying causes of death.

The surviving spouse of a veteran who died from a service-connected disability may obtain DIC benefits. 38 U.S.C. § 1310 (1994). A veteran's death will be considered service-connected if the service-connected disability was "either the principal or a contributory cause of death." 38 C.F.R. § 3.312 (2000). Ms. White applied for DIC benefits in February of 1990, asserting that her husband's service-connected arthritis was a contributing cause of his death. The regional office of the Department of Veterans Affairs ("RO") denied the claim, determining that there was no evidence substantiating that Mr. White's arthritis contributed to his death. Ms. White appealed the denial to the Board.

The evidence before the Board included letters from four physicians: (1) Dr. Alston, an internist and Mr. White's personal treating physician; (2) Dr. Oppenheim, M.D., J.D., L.L.M. (medical specialty unknown), who issued his opinion at Ms. White's request after reviewing Mr. White's medical records and the transcripts of hearings that had been held before the RO; (3) Dr. Miller, a Department of Veterans Affairs ("VA") physician and specialist in pulmonary disease, who issued his opinion at the request of the VA after reviewing Mr. White's VA records; and (4) Dr. Schnader, a VA physician and specialist in pulmonary disease and critical care medicine, who issued his opinion at the VA's request after reviewing Mr. White's VA records. The letters from Dr. Alston and Dr. Oppenheim supported Ms. White's DIC claim. The letters from the VA doctors indicated that it was unlikely that Mr. White's arthritis contributed to his death.

The Board acknowledged that the evidence as to whether Mr. White's arthritis contributed to his death was conflicting. It is not clear that Ms. White asked the Board to apply the "treating physician" rule to resolve the conflict. The rule would have required the Board to give more evidentiary weight to the opinion of the physician who actually had examined Mr. White, Dr. Alston, and would have required the Board to accept his opinion unless it was contradicted by substantial evidence. The Board did not apply such a rule. Instead, the Board determined that, because Mr. White died of pneumonia, the physicians who specialized in pulmonary medicine were better qualified to give opinions as to whether Mr. White's arthritis contributed to his death. The Board found that the conclusions of these physicians, that Mr. White's death was not related to his service-connected arthritis, constituted persuasive evidence against Ms. White's DIC claim. The Board also determined that there was no contemporaneous clinical support for Dr. Alston's and Dr. Oppenheim's opinions that Mr. White's service-connected arthritis led to diminished pulmonary or cardiovascular function and thereby contributed to his death. The Board therefore denied Ms. White's claim for DIC benefits.

Ms. White appealed the Board decision to the Court of Appeals for Veterans Claims, which affirmed the Board. *White,* slip op. at 8, 2000 WL 622674. The court determined that the Board decision was

supported by the record and complied with the applicable statutes and regulations. *Id.,* slip op. at 6–8, 2000 WL 622674. The court refused to apply the "treating physician" rule, stating that the Court of Appeals for Veterans Claims "has consistently rejected its adoption." *Id.* at 8, 2000 WL 622674 (citing *Winsett v. West,* 11 Vet.App. 420 (1998); *Guerrieri v. Brown,* 4 Vet.App. 467 (1993); *Chisem v. Brown,* 4 Vet.App. 169 (1993)).

## DISCUSSION

### I.

Our jurisdiction with respect to a decision of the Court of Appeals for Veterans Claims is limited by statute. We can review the validity of any statute or regulation, or any interpretation thereof, upon which the court relied in making its decision. 38 U.S.C. § 7292(a) (Supp. IV 1998). However, we do not have jurisdiction to review a factual determination or an application of a law or regulation to the facts of a case unless a constitutional issue is presented. 38 U.S.C. § 7292(d)(2) (1994). The standard of review that we apply to the court's decisions also is defined by statute. We must set aside any interpretation of a law or regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1) (Supp. IV 1998).

Ms. White raises only one issue on appeal: whether the "treating physician" rule should apply to claims for veterans' benefits. As a preliminary matter, the government argues that we lack jurisdiction over Ms. White's appeal. It contends that the appeal relates solely to factual issues or to the application of law to the facts of the case, and does not challenge the validity or interpretation of a statute or regulation or raise any constitutional issues. The government also cites *Belcher v. West,* 214 F.3d 1335 (Fed.Cir.2000), for the proposition that we do not have jurisdiction over issues or arguments that were not presented to the Court of Appeals for Veterans Claims or that the court did not

address in making its decision. We reject the government's challenges to our jurisdiction.

It is evident from the decision on appeal that Ms. White asked the Court of Appeals for Veterans Claims to adopt the "treating physician" rule and that the court addressed this request when reaching its decision. *White,* slip op. at 8, 2000 WL 622674 ("As for appellant's suggestion that the court apply the 'treating physician rule,' the Court has consistently rejected its adoption."). Moreover, Ms. White's appeal does involve an interpretation of a regulation that was relied on by the Court of Appeals for Veterans Claims. The court cited *Guerrieri* to support its rejection of the "treating physician" rule. *Id.* In that case, the court rejected the rule because it "might raise a conflict with the VA's evaluative process outlined in 38 C.F.R. § 3.303." *Guerrieri,* 4 Vet.App. at 472. Thus, the court's rejection of the "treating physician" rule is based on its interpretation of 38 C.F.R. § 3.303.

### II.

The "treating physician" rule is applied in Social Security cases. As explained by the United States Court of Appeals for the Second Circuit, the rule holds that

> [The] treating source's opinion on the subject of medical disability, i.e., diagnosis and nature and degree of impairment, is (i) binding on the factfinder unless contradicted by substantial evidence; and (ii) entitled to some extra weight, although resolution of genuine conflicts between the opinion of the physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder.

*Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986). The rule was specifically designed to address problems generated by the Social Security system, where the factfinder must weigh the diagnosis of a claimant's physician against the opinions of the Social Security Administration's consulting

physicians. It is applied to help resolve conflicting medical evidence by giving legal recognition to the assumption that a Social Security claimant's own treating doctor is the physician best able to present a complete picture of the claimant's medical condition. *Id.* The rule is based on a statute that requires the Commissioner of Social Security to "make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make ... a determination [regarding disability], prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C.A. § 423(d)(5)(B) (West Supp.2000).

Ms. White argues that the court's refusal to apply the "treating physician" rule in veterans' benefits cases violates the benefit of the doubt requirement set forth in 38 U.S.C. § 5107(b). That statute provides that, "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary [of Veterans Affairs] shall give the benefit of the doubt to the claimant." Veterans Claims Assistance Act, Pub.L. No. 106–475, § 4, 114 Stat. 2096 (2000) (revising the language of 38 U.S.C. § 5107(b)). We must reject Ms. White's argument.

In the first place, the approach Ms. White urges might well conflict with the statutory benefit of the doubt requirement. Her argument assumes that the treating physician's opinion will favor the veteran. However, that may not be the case. As explained in *Guerrieri*, the VA, unlike the Social Security Administration, operates its own system of medical facilities for the care and treatment of veterans. *Guerrieri*, 4 Vet.App. at 472. "The availability of care at VA medical facilities means that VA physicians often will be the veteran's 'treating physician.'" *Id.* If the treating physician's opinion does not support the claim for benefits, then giving it more weight might result in a decision against the claimant, which would be contrary to § 5107(b) if the evidence were otherwise in approximate balance. Because the "treating physician" rule would conflict with § 5107(b) under certain circumstances, we cannot interpret § 5107(b) as requiring application of the rule.

In addition, we agree with the Court of Appeals for Veterans Claims that adopting the "treating physician" rule would conflict with 38 C.F.R. § 3.303(a). That regulation provides that "determinations as to service connection will be based on review of the entire evidence of record, with due consideration to the policy of [the VA] to administer the law under a broad and liberal interpretation consistent with the facts in each individual case." 38 C.F.R. § 3.303(a) (2000). The regulation is based on 38 U.S.C. § 7104(a), which requires that "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C.A. § 7104(a) (West Supp.2000). This statute does not suggest that the VA should give more weight to a piece of evidence based solely on its source.

Thus, unlike the Social Security benefits statutes, the VA benefits statutes and regulations do not provide any basis for the "treating physician" rule and, in fact, appear to conflict with such a rule. Moreover, given the comprehensive statutory and regulatory scheme for the award of veterans' benefits, it would not be appropriate for this court to impose the "treating physician" rule on the VA. Congress delegated to the Secretary of Veterans Affairs the authority to proscribe "regulations with respect to the nature and extent of proof and evidence ... in order to establish the right to benefits...." 38 U.S.C. § 501(a) (1994). Thus, Congress left it to the VA, and not this court, to determine how best to weigh evidence in veterans' benefits cases. Our limited role in this area is further reinforced by our general inability to review Court of Appeals for Veterans Claims' decisions on factual issues. *See* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals for Veterans Claims is

*AFFIRMED.*

## COSTS

Each party shall bear its own costs.