NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**HAROLD G. SHAW,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

2011-7153

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3753, Judge Mary J. Schoelen.

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Harold G. Shaw's appeal for lack of jurisdiction. Shaw has not filed a response.

By way of background, Shaw served on active duty in the U.S. Army from July 1963 to July 1966 and from August 1966 to May 1969. After service, Shaw was diagnosed with post-traumatic stress disorder (PTSD).

Since March 1994, Shaw has been receiving Department of Veterans Affairs' (DVA) disability compensation benefits for his PTSD because the agency determined his condition arose out of his service.

In 1997, Shaw sought DVA disability benefits for cerebral vascular accidents (CVAs), hypertension, and atherosclerosis pursuant to 38 C.F.R. § 3.310(a). That regulation authorizes entitlement to DVA disability benefits for any disability that is "proximately due to or the result of a service-connected disease or injury." 38 C.F.R. § 3.310(a).

A dispute arose as to whether the evidence of record, which included opinions by Shaw's own medical physician and Department physicians who had examined Shaw, had sufficiently established that Shaw's CVAs, hypertension, and atherosclerosis were proximately caused by or the result of his PTSD.

After determining that the opinions in the record were speculative, inconclusive, and insufficient, the Board of Veterans' Appeals pursued additional development to clarify the record by securing the medical opinion of an independent medical examiner (IME) on the relationship between Shaw's PTSD and his claimed conditions.

In November 2006, the IME opined against Shaw's claims. The IME stated in his report that after a comprehensive literature search, he found no scientific studies that convincingly demonstrated PTSD either causes or exacerbates chronic hypertension. The IME added that the most reliable study in the field concluded that there was no correlation between combat stress-associated veterans and prevalence of hypertension. The IME further stated that even if Shaw did not have his history of smoking, that would not change the fact that attributing his current conditions to his PTSD was medically speculative.

Finding that the IME's opinion was the most proba-tive evidence of record, the Board denied Shaw entitle-ment to secondary-service connection.

Shaw then sought review by the Court of Appeals for Veterans Claims aided by legal representation. Shaw argued that the Board failed to properly apply the "benefit of the doubt" rule. The court, however, rejected this argument on the basis that the rule applies after a deter-mination is made that the evidence is in equipoise, which was not the case here. The court also held that Shaw's contention that the Board should have awarded more weight to his own treating physician's opinion was with-out merit because there is no "treating physician" rule in the VA benefits system.

Under 38 U.S.C. § 7292, this court has limited juris-diction over appeals from decisions of the Court of Ap-peals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determina-tion, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Shaw seeks review of the Court of Appeals for Veter-ans Claims' decision. In his informal brief, however, Shaw indicates that his appeal does not seek to challenge a constitutional issue, the validity or interpretation of a statute or regulation, or any other legal issue addressed below.

Although pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal," *Hilario v. Secretary, Dep't of Veterans Affairs*. 937 F.2d 586, 589 (Fed. Cir. 1991), Shaw's brief has not raised any argument within this court's limited jurisdiction. Fur-thermore, the only argument advanced below that this court would have jurisdiction over, i.e., the application of the "treating physician" rule to veterans benefits cases, was squarely rejected by this court in *White v. Principi*,

243 F.3d 1378, 1381 (Fed. Cir. 2001). Therefore, to the extent Shaw's appeal raises that issue, the Court of Appeals for Veterans Claims' decision is summarily affirmed. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed-in-part and affirmed-in-part.

(2) Each side shall bear its own costs.

FOR THE COURT

SEP 0 2 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Harold G. Shaw
P. Davis Oliver, Esq.

s20

Issued As A Mandate:    SEP 0 2 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 0 2 2011

JAN HORBALY
CLERK