NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARVELLA JONES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7083

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-0106, Judge Alan G. Lance, Sr.

---

Decided: September 20, 2011

---

HARVELLA JONES, of Richmond, Texas, pro se.

JACOB A. SCHUNK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

_____

Before NEWMAN, O'MALLEY, and REYNA, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Mrs. Harvella Jones appeals from the decision of the United States Court of Appeals for Veterans Claims (the Veterans Court) affirming the decision of the Board of Veterans Appeals (the Board) denying her claim for various entitlements, on the Board's finding that the cause of her husband's death was not service-connected.[1] On review of Mrs. Jones' briefs, the government's response, and the record provided, we discern no error of law. Because this court lacks jurisdiction to review the questions of fact presented by Mrs. Jones, and because she has not shown a constitutional violation, the Veterans Court's decision is *affirmed.*

BACKGROUND

The deceased veteran, Johnnie Jones, served on active duty in the United States Army from May 1943 to November 1948, again from May 1950 to October 1951, and then from August 1954 to January 1964. The veteran was assessed with a service-connected back disability, rated as 60% disabling.

In November 1990 the veteran filed a claim with a regional office (RO) for secondary service connection for renal disease, pursuant to 38 C.F.R. §3.310, stating that his renal condition was caused by the medications he took for his service-connected back disability. In April 1996 the Board denied this claim. The veteran did not appeal, but filed a request to reopen in June 1996, which was on

_____

[1] *Jones v. Shinseki*, No. 09-0106 (Vet. Cl. Nov. 8, 2010).

appeal to the Veterans Court at the time of the veteran's death in October 2004.

In March 1994, the veteran had filed a claim pursuant to 38 U.S.C. §1551, which provides for benefits when medical treatment obtained at a VA facility causes a veteran's disability. The Board also denied this claim, and the appeal of that Board decision was pending before the Veterans Court at the time of the veteran's death. The Veterans Court dismissed both appeals without ruling on the merits.

The death certificate stated that the cause of death was probable sepsis with profound hypertension due to cardiac dysrhythmia. In November 2004 Mrs. Jones filed a claim for Dependency and Indemnity Compensation benefits, and for accrued benefits. On December 18, 2008, the Board denied service connection for the cause of death, concluding that the veteran's death was caused neither by a service-connected disability, nor by medical treatment received at a VA facility. The Board also denied Mrs. Jones' claim for benefits pursuant to 38 U.S.C. §1318, because the veteran had not been receiving disability benefits for a totally disabling disability for the 10 years preceding his death. On November 8, 2010, the Veterans Court affirmed the Board, stating that the Board gave an adequately articulated rationale for its finding that the veteran's renal disease was related to his hypertension rather than the medications for his service-connected back disability. Mrs. Jones appeals.

### DISCUSSION

On appeal from the Veterans Court, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. §7292(d)(2).

Mrs. Jones presents four arguments to this court: (1) that the Veterans Court ignored certain evidence; (2) that the veteran's claim under 38 U.S.C. §1151 was placed in suspense awaiting the decision in *Brown v. Gardner*, 513 U.S. 115 (1994), and that this delay prejudiced him; (3) that the VA tribunals misunderstood part of the veteran's claim; and (4) that the VA tribunals engaged in "racial profiling," in finding that the veteran's hypertension was not service-connected.

A

First, Mrs. Jones argues that the VA ignored certain evidence, including an affidavit by the veteran stating that he was orally granted a 100% rating for end stage renal disease by VA ratings officer Bob Manchester. Another affidavit by the veteran stated his belief that the VA medical treatment for his service-connected back injury caused his end stage renal disease. Mrs. Jones states that the Veterans Court made no mention of these affidavits in its decision, and that this is prejudicial error.

Evaluation of evidence is a matter of fact, not law. *Wood v. Derwinski*, 1 Vet. App. 190, 193 (1991) ("The [Board] has the duty to assess the credibility and weight to be given to the evidence."). The Board found that that "the evidence of record preponderates against appellant's claims to service connection for cause of death." The Board stated:

> The Board has closely reviewed and considered the appellant's statements, and the statements of the veteran prior to his death. While their statements may be viewed as evidence, the Board must also note that laypersons without medical expertise or training are not competent to offer medical evidence on matters involving diagnosis and etiology. Therefore, the statements of the veteran

alone are insufficient to prove the appellant's claims. Ultimately, a lay statement, however sincerely communicated, cannot form a factual basis for granting a claim requiring medical determinations. *See Espiritu v. Derwinski*, 2 Vet. App. 392, 494-5 (1992).

In affirming the Board, the Veterans Court stated:

Here, the Board weighed the five medical opinions, consisting of one favorable opinion, the private August 1991 opinion, and four opinions that found the veteran's ESRD was related to his hypertension and not the medications he took for his back disability. The Board found the four opinions finding that the veteran's ESRD was related to his hypertension to be more persuasive and of more probative value than the August 1991 opinion because they are based on a review of the records, including the service medical records, and are supported by a detailed rationale. Such a determination is well within the Board's purview as finder of fact.

We lack jurisdiction to reweigh the evidence concerning the veteran's disabilities and their asserted service connection. *See* 38 U.S.C. §7292(d)(2); *White v. Principi*, 243 F.3d 1378, 1381 (Fed. Cir. 2001) ("Congress left it to the VA, and not this court, to determine how best to weigh evidence in veterans' benefits cases."). The Board found that "the medical nexus evidence of record preponderates against the veteran's assertion that ingestion of pain medication for his lower back disorder . . . related to his renal disease." The record shows no lapse in due process in the procedures of these tribunals, and, as noted, factual questions are not subject to our review.

B

Mrs. Jones argues that the veteran's claim was prejudiced by delay while the Veterans Court awaited the decision of the Supreme Court in *Brown v. Gardner*, 513 U.S. 115 (1994). In *Brown* the Court held that, under 38 U.S.C. §1151, a veteran need not show that treatment obtained at a VA medical facility was negligent in order to obtain benefits related to a disability caused by that treatment. 513 U.S. at 117. Mrs. Jones argues that this was a tactical delay by the VA, which proved to be detrimental to the veteran in that "his claim outlived him." Mrs. Jones further argues that the veteran "never got the benefit of the doubt," as required by 38 U.S.C. §5107.

The court is sympathetic to the appellant's complaint about the long road a veteran must often travel, and the consequences of delay along that path. We discern no unusual delay beyond the norm in that busy court. And no basis has been shown for concluding that the veteran was not afforded the benefit of the doubt as required by 38 U.S.C. §5107.

C

Mrs. Jones next argues that the VA reworded the veteran's original claim regarding end-stage renal disease, whereby the VA stated the issue as whether the disease was connected to the veteran's use of APC medication while on active duty, when in fact the medication was continued after active duty. The Board found that "the medical evidence of record preponderates against the argument that the pharmacological treatment for the back disorder – either in service or post service – related to the renal disorder." Again, Mrs. Jones' arguments challenge the resolution of factual questions, which are beyond the jurisdiction of this court.

## D

Mrs. Jones also contends that the VA engaged in "racial profiling" in concluding that the veteran's hypertension was not service-connected. She argues that the Board's decision was "due to the belief that kidney disease for an Afro-American is due to hypertension and not the possibility that hypertension is also a 'symptom' of kidney disease." To the extent this argument raises constitutional discrimination issues, we do not find sufficient evidence of such in the record. While the medical records contain passing reference to the normal progress of renal failure in African Americans, they also contain a detailed analysis of the veteran's individual circumstances. Specifically, the records state that: (1) "[w]e believe that hypertension was not secondary to a primary renal disease because of ample evidence of long standing hypertensive effects on the aorta and the heart at a time when neither renal or urine abnormalities were present;" and (2) "[a]n additional element that supports that primary/essential hypertension was the cause of end stage renal disease, but not analgesic nephropathy, is the absence of 'bladder symptoms' and abnormal urinalysis prior to the development to end stage renal failure." *See* Appendix 36. These references support our conclusion that the Board's decision was not based on any constitutionally impermissible factors.

## CONCLUSION

We have considered Mrs. Jones' remaining arguments and find them unpersuasive. Accordingly, to the limited extent we have jurisdiction over this appeal, we discern no reversible error in the decision of the Veterans Court. As such, the decision of the Veterans Court is affirmed.

No costs.

**AFFIRMED**