NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRIS J. WASHINGTON,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7063

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-0136, Judge William A. Moorman.

---

Decided: November 18, 2014

---

CHRIS J. WASHINGTON, of Harvey, Louisana, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and KIRK MANHARDT, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General

Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, *Chief Judge,* NEWMAN, and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Chris J. Washington appeals the memorandum decision of the United States Court of Appeals for Veterans Claims ("Veterans Court")[1] affirming in part and vacating in part a decision of the Board of Veterans' Appeals ("Board") denying his claims for service connection. The Veterans Court affirmed the Board's denial of service connection for a right eye disability and a dental disability, and remanded Mr. Washington's claim for service connection for residuals of a gunshot wound. Because Mr. Washington challenges only factual determinations of the Veterans Court and does not raise a genuine constitutional issue, we must dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Washington served on active duty from May 1970 until June 1973. Following active service, he served in the Louisiana Army National Guard and the California Air National Guard until June 1980.

### A. Gunshot wound

In September 1979, after being "[a]ccidentally shot in the arm," Mr. Washington filed a claim stating that he was hospitalized for a gunshot wound. *Washington*, 2014

———————————

[1]    *Washington v. Shinseki*, No. 12-0136, 2014 WL 351771 (Vet. App. Feb. 3, 2014).

WL 351771, at *3. In October 1979, Mr. Washington submitted a report stating that he was shot during a robbery. Medical records from December 1982, September 1999, and October 2000 also note Mr. Washington's statements that he was shot during a robbery. At a Board hearing in March 2011, Mr. Washington stated that he was on inactive duty when he was shot, but "had gone on active duty for training for a meeting" and was shot on his way home. *Id.*

The Board found that Mr. Washington's statements to medical professionals in the course of seeking treatment were more credible than his statements at the 2011 Board hearing. The Board further found that there was no evidence that Mr. Washington was acting in the line of duty when he was shot. Pursuant to a concession by the government, the Veterans Court remanded Mr. Washington's claim because "the Board provided an inadequate statement of reasons or bases for its decision" and "failed to make an explicit finding that all available federal records had been obtained." *Id.* at *5.

## B. Right eye disability

In January 1973, Mr. Washington's eyes were clinically evaluated as normal, with 20/25 vision in the right eye. In May 1973, a service medical record stated that Mr. Washington was hit in the right eye, causing a subconjunctival hemorrhage. In July 1976, Mr. Washington's eyes were again clinically evaluated as normal, with 20/20 vision in the right eye. In July 2001, Mr. Washington filed a claim for a right eye disability. The VA examiner opined that Mr. Washington's diagnosed myopia and presbyopia were of developmental origin and were not related to service, and also that there was no residual disability secondary to right-eye trauma while in service. The Board found that the subconjunctival hemorrhage in service resolved without residuals. The Board also found that there was no evidence of retinal detachment until

more than three decades after service. The Veterans Court held that the Board's findings were not clearly erroneous.

### C. Dental disability

In May 1970, Mr. Washington received a comprehensive dental exam, during which no abnormalities were noted. In September 1970, May 1972, and June 1972, teeth were removed. In July 2001, Mr. Washington submitted a claim for entitlement to service connection for a dental disability. The Board found that none of Mr. Washington's teeth were removed due to trauma and that Mr. Washington was not entitled to compensation for the loss of his teeth. The Board also found that Mr. Washington was not a member of any of the classes that would entitle him to receive outpatient dental care. The Veterans Court affirmed that Mr. Washington did not meet the criteria for compensation for a dental disability or for eligibility to receive outpatient treatment.

### DISCUSSION

Pursuant to 38 U.S.C. § 7292(a), we have jurisdiction to review decisions of the Veterans Court with respect to the validity or interpretation of a statute or regulation relied upon by the court. However, we have no authority to review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2); *see also White v. Principi*, 243 F.3d 1378, 1381 (Fed. Cir. 2001) ("Congress left it to the VA, and not this court, to determine how best to weigh evidence in veterans' benefits cases.").

Mr. Washington argues that the Veterans Court failed to review and refer to evidence in support of each of his asserted claims for service connection. He also argues that the Veterans Court failed to decide all of the issues before it: namely, his entitlement to service connection for residuals of a gunshot wound, a right eye disability, and a

dental disability. Finally, Mr. Washington argues that his constitutional rights were violated according to the United States Code. In considering these arguments, we are mindful of the fact that Mr. Washington is proceeding pro se, which requires that the VA give "a sympathetic reading to the veteran's filings by 'determining all potential claims raised by the evidence, applying all relevant laws and regulations.'" *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (quoting *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001)).

First, Mr. Washington contends that the Board failed to review and refer to his service medical records and VA medical records. The VA is presumed to have reviewed all the evidence before it, absent a specific indication to the contrary. *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007). In this case, the Board explicitly stated that it had "reviewed all the evidence in [Mr. Washington's] claims file," board op. at 10, which included "service treatment records, some service personnel records, VA treatment records and VA examination reports, and private medical evidence." *Id.* at 7. To the extent that Mr. Washington challenges the completeness of the Board's evaluation of the evidence, this is a factual issue over which we have no jurisdiction. *Walden v. West*, 194 F.3d 1330 (Fed. Cir. 1999).

Second, Mr. Washington argues that the Veterans Court failed to decide all the issues he lists in response to question one of his informal brief. These issues are 1) "[e]ntitlement to service connection for residuals of a gunshot wound;" 2) "[e]ntitlement to service connection for a right eye disability;" and 3) "[e]ntitlement to service connection for a dental disability." App. Br. at 3.

Regarding the claim for a right eye disability, Mr. Washington argues that he experienced trauma to his right eye in service, and that this trauma caused his current disability. Mr. Washington does not allege that

the Veterans Court misinterpreted any statute or regulation or that any statute or regulation is invalid in relation to this claim. The Veterans Court reviewed the evidence of record, including the 2003 examination finding that Mr. Washington's diagnosed myopia and presbyopia were of developmental origin, and concluded that the Board did not clearly err in determining that Mr. Washington's right eye condition was not related to service. This factual determination is not within our statutory jurisdiction.

Mr. Washington does not provide a basis for his belief that he is entitled to compensation for his dental disability, or otherwise elaborate on this claim. The Board found that none of Mr. Washington's teeth were extracted due to trauma and that Mr. Washington was not entitled to compensation for the loss of his teeth, or to outpatient dental care under the statute. The Veterans Court concluded that the Board's findings were not clearly erroneous. The court also affirmed the Board's finding that Mr. Washington did not meet the criteria for compensation for dental disability or for eligibility to receive VA outpatient dental treatment. It does not appear that the Veterans Court misinterpreted any statute or regulation in relation to Mr. Washington's dental disability claim, and we lack jurisdiction to review the court's factual determinations.

The Veterans Court remanded Mr. Washington's claim for residuals of a gunshot wound, and we see no basis for review of the remand order. To the extent Mr. Washington argues that the Veterans Court should have decided the gunshot wound claim in his favor without requiring a remand, he raises factual issues of sufficiency of the evidence concerning his duty status at the time he was shot, and issues of his credibility. These are factual issues, and not within our jurisdiction. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board, as fact finder, is obligated to, and fully justified in, determining whether lay evidence is credible. . . .").

Finally, Mr. Washington states that his constitutional rights were violated. We have jurisdiction to interpret constitutional provisions "to the extent presented and necessary to a decision," 38 U.S.C. § 7292(c), and may consider genuine constitutional issues. *See In re Bailey*, 182 F.3d 860 (Fed. Cir. 1999). However, the "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). To the extent Mr. Washington argues that his constitutional rights were violated because the Veterans Court failed to review and refer to evidence in support of his claim, this does not raise a genuine constitutional issue. Rather, it amounts to a disagreement concerning the Veterans Court's treatment of facts in this case. Mr. Washington has alleged no other lapse in due process, and the record does not show one.

In sum, we discern no constitutional or statutory issue that satisfies the requirements placed by statute on our appellate jurisdiction. Accordingly, this appeal is dismissed.

No costs.

**DISMISSED**