﻿Citation Nr: AXXXXXXXX
Decision Date: 06/19/19 Archive Date: 06/19/19

DOCKET NO. 190524-7086
DATE: June 19, 2019

ORDER

Entitlement to service connection for prostate cancer is granted.

Entitlement to service connection for erectile dysfunction as secondary to the prostate cancer also is granted.

FINDINGS OF FACT

1. The Veteran’s prostate cancer was at least as likely as not caused by exposure to contaminated drinking water at Camp LeJeune.

2. The Veteran’s erectile dysfunction was caused by his prostate cancer since a complication.

CONCLUSIONS OF LAW

1. The criteria for service connection for prostate cancer have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307 (2018).

2. The criteria for service connection for erectile dysfunction as secondary to the prostate cancer also have been met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.310(a) and (b) (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. To this end the Board is honoring the Veteran’s election to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Marines Corps from October 1956 to October 1958. He elected to participate in RAMP per his opt-in election of December 2018, in which he selected the Direct Review appeal lane. This review consequently will be based upon the evidence already submitted to VA as of the date of his election, so VA will not seek any additional evidence on his behalf. See RAMP Opt-in Election December 2018. Moreover, the Board is fully granting his claims based on this evidence already in the file.

1. Entitlement to service connection for prostate cancer

2. Entitlement to service connection for erectile dysfunction as secondary to the prostate cancer

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303. To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

Secondary service connection may be established for disability that is proximately due to, or the result of, or being aggravated by a service-connected disability. Establishing secondary service connection requires evidence of: (1) a current disability (for which secondary service connection is sought); (2) an already service-connected disability; and (3) indication the current disability was either (a) caused or (b) is being aggravated by the service-connected disability. See 38 C.F.R. § 3.310(a) and (b); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

Certain chronic diseases, including cancers, may be service connected on a presumptive basis if manifested to a compensable degree within a specified period of time post service (one year for cancer). 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). This presumption is rebuttable by affirmative evidence to the contrary.

Effective March 14, 2017, VA amended 38 C.F.R. §§ 3.307 and 3.309 providing a presumption of service connection for certain diseases based on exposure to contaminants in the water supply at Camp Lejeune. Essentially, as amended, 38 C.F.R. §§ 3.307 and 3.309 establish a presumption of service connection for Veterans who served at Camp Lejeune for no less than 30 days (consecutive or nonconsecutive) from August 1, 1953 to December 31, 1987, and have a diagnosis of any of the following eight diseases, even though there is no record of such disease during service: kidney cancer, liver cancer, non-Hodgkin’s lymphoma, adult leukemia, multiple myeloma, Parkinson’s disease, aplastic anemia and other myelodysplastic syndromes, and bladder cancer. 38 C.F.R. §§ 3.307(a), 3.309(f). These listed diseases shall have become manifest to a degree of 10 percent or more at any time after service. 38 C.F.R. § 3.307(a)(7)(ii).

Notably, prostate cancer and erectile dysfunction (ED) are not among the eight listed diseases warranting presumptive service connection. Service connection nonetheless may be established as due to such exposure by affirmative evidence supporting that theory of entitlement, i.e., by establishing direct causation. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The Board must fully consider the lay evidence of record. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). A layperson is competent to report on the onset of disability and, when applicable, continuity of his or her current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case-by-case basis, whether the Veteran’s particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, supra.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran asserts that his prostate cancer is a result of exposure to contaminated drinking water at Camp Lejeune. His service personnel records (SPRs) confirm that he was stationed at Camp Lejeune from April 1957 to October 1958. His service treatment records (STRs) are unremarkable for complaints, treatment, or diagnosis of prostate cancer or any complication, including erectile dysfunction.

That notwithstanding, in support of his claim the Veteran submitted a March 2017 opinion from his treating oncologist. This oncologist stated that the Veteran was diagnosed with prostate cancer in 2011 and experiences erectile dysfunction as a result of his treatment with radiation therapy. This oncologist opined that, while prostate cancer is not a presumptive condition, it is at least as likely as not that the Veteran’s prostate cancer was in fact caused by his exposures to contaminants in the drinking water at Camp Lejeune. In support of this opinion this commenting oncologist provided a scholarly article regarding the etiological link between trichloroethylene exposure and later development of cancer.

The Board affords this opinion a lot of probative weight since from an oncologist (so from a specialist in determining cancers and their origins) and since he has treated the Veteran personally and provided support and explanatory rationale for the favorable opinion in the way of a scholarly article.

The Board is equally mindful of a February 2018 contrary opinion of a VA compensation examiner conversely concluding that the Veteran’s conditions were less likely than not caused by exposure to contaminants in the drinking water at Camp Lejeune. This unfavorable opinion is no more probative, however, since the examiner does not have a treating relationship with the Veteran and the examiner’s expertise is more generally in occupational medicine and not oncology.

There is no "treating physician rule" requiring the Board to give deference to the favorable opinion from the oncologist. Both the Federal Circuit Court and Veterans Court (CAVC) have specifically declined to adopt a "treating physician rule" that would give preference to statements from a treating physician. See White v. Principi, 243 F.3d 1378 (Fed. Cir. 2001); Guerrieri v. Brown, 4 Vet. App. 467 (1993). And this is true even accepting that a treating physician may be more familiar with the Veteran's general state of health. This notwithstanding, the Board sees no reason in this particular instance why this physician's supporting opinion should not be accepted since it is fully articulated and contains sound reasoning, which is where the bulk of the probative weight of any opinion is derived. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its underlying reasoning, that is, when there is factually accurate, fully articulated, and sound reasoning for the conclusion, not just from mere review of the claims file). Moreover, as also mentioned, the opinion cites a scholarly article on the subject matter.

 

Accordingly, resolving all reasonable doubt concerning this posited correlation in the Veteran’s favor between his military service (namely, exposure to contaminated drinking water at Camp Lejeune) and later development of prostate cancer and the secondary complication of erectile dysfunction, all of the required elements are satisfied and, thus, the Board finds that service connection is warranted for these claimed conditions. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, the appeal is granted. 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Baronofsky Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.