NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUEBELL L. MINNS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1131

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-1135, Judge Joseph L. Toth.

---

Decided: November 20, 2020

---

MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, for claimant-appellant.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; MARTIE ADELMAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, SCHALL, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge*.

Appellant, Quebell L. Minns, appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") finding that Mr. Minns was capable of substantially gainful employment and denying entitlement to a total disability rating based on individual unemployability ("TDIU"). *Minns v. Wilkie*, No. 18-1135, 2019 WL 4741726, at \*1–2 (Vet. App. Sept. 30, 2019); *see* J.A. 10 (Judgment), 15–32 (2017 Board Decision). We have jurisdiction pursuant to 38 U.S.C. § 7292(a). We affirm.

BACKGROUND

Mr. Minns served on active duty in the U.S. Air Force from 1973 to 1975. J.A. 88; *see* J.A. 88–90 (2015 Regional Office Rating Decision). In 1993, the Department of Veterans Affairs ("VA") assigned Mr. Minns a combined disability rating of 10 percent for lumbosacral spine strain with degenerative disk disease and associated residuals. J.A. 88. Effective in 2000, the VA assigned Mr. Minns a combined disability rating of 40 percent, increasing his lumbosacral spine rating to 20 percent and assigning 10 percent each for peripheral neuropathy of the right and left lower extremities. J.A. 88–89. Effective in 2013, the VA assigned Mr. Minns a combined disability rating of 60 percent, increasing his lumbosacral spine rating to 40 percent. J.A. 88–89.

Since 2012, Mr. Minns has alleged that he is unable to "procure or maintain employment" because of his service-

related conditions and sought a TDIU. J.A. 93.[1] In 2015 and 2017, the Board issued decisions denying Mr. Minns entitlement to a TDIU. J.A. 16. In the 2017 Board Decision, the Board noted consistent record evidence that Mr. Minns was capable of performing "sedentary employment." J.A. 29; *see* J.A. 22 (listing a 2000 VA examination that assessed Mr. Minns as "generally capable of performing work through the sedentary, light and medium work categories"), 23 (listing a 2002 VA assessment that "stated [Mr. Minns] was capable of clerical/sedentary activity"), 24 (listing a 2006 Social Security Administration ("SSA") assessment that "determined [Mr. Minns] to be physically capable of performing many occupational tasks"), 26 (recounting Mr. Minns's statement in a 2011 VA examination that he "could walk [one to three] miles"). The Board found that "[t]he preponderance of the evidence is against a finding that [Mr. Minns]'s service-connected disabilities preclude him from obtaining and retaining substantially gainful employment" and concluded that the "requirements

---

[1] The VA may assign a TDIU "where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities[,]" provided that if there is only one service-connected disability, "this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more." 38 C.F.R. § 4.16(a). VA rating boards may also submit "all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in" § 4.16(a) "for extra-schedular [TDIU] consideration[.]" *Id.* § 4.16(b).

to establish entitlement to a TDIU ha[d] not been met." J.A. 16.

Mr. Minns appealed to the Veterans Court, arguing, inter alia, that the Veterans Court "must decide the meaning of the term 'sedentary employment.'" *Minns*, 2019 WL 4741726, at *1. The Veterans Court affirmed, and declined to define the term. *Id.* at *1–2.

## DISCUSSION

### I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "Except to the extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "We review statutory and regulatory interpretations of the Veterans Court de novo." *Gazelle*, 868 F.3d at 1009 (quotation marks and citation omitted).

### II. The Veterans Court Was Not Required to Define "Sedentary Employment" Under 38 U.S.C. § 7261(a)(1)

The Veterans Court affirmed the Board's denial of Mr. Minns's entitlement to a TDIU. *Minns*, 2019 WL 4741726, at *2. The Veterans Court rejected Mr. Minns's argument that it was required to define the term "sedentary employment" used in the 2017 Board Decision. *Id.* at *1. The Veterans Court explained that it could not define the term because it "did not appear in any relevant statute or regulation and so lacked 'independent legal significance[.]'" *Id.* at *1 (citing *Withers v. Wilkie*, 30 Vet.

App. 139, 142 (2018)).[2] The Veterans Court concluded that the 2017 Board Decision sufficiently explained "what [the Board] meant by sedentary employment" and sufficiently supported the Board's finding that Mr. Minns could perform sedentary work and maintain "substantially gainful employment." *Id.* at \*2. Mr. Minns argues that 38 U.S.C. § 7261(a)(1) requires the Veterans Court to define the term "sedentary employment" used in the 2017 Board Decision. Appellant's Br. 14. We disagree with Mr. Minns.

Section 7261(a)(1) did not require the Veterans Court to define the term "sedentary employment." Section 7261(a) to (a)(1) provides that "[i]n any action brought under [chapter 72 of part V of title 38 of the United States Code]," the Veterans Court, "to the extent necessary to its decision and when presented, shall . . . determine the meaning or applicability of the terms of an action of the Secretary [of Veterans Affairs.]" 38 U.S.C § 7261(a)–(a)(1). Thus, the Veterans Court must only "determine the

---

[2]    In *Withers*, the Veterans Court declined to define the term "sedentary employment" used in a Board decision denying entitlement to a TDIU. 30 Vet. App. at 142. The Veterans Court explained that the term was not "mentioned, much less defined, in any relevant VA statute or regulation," *id.*, and thus "ha[d] no independent legal significance," *id.* at 145. The Veterans Court concluded that "the meaning and relevance of the term w[ould] have to be discerned on a case-by-case basis," *id.* at 149, and that "where a veteran's ability to perform sedentary work is a basis for the Board's decision," the Board must explain the term's meaning "to the extent that it is not apparent from the Board's overall discussion of the opinion—as well as how the concept of sedentary work factors into the veteran's overall disability picture and vocational history, and the veteran's ability to secure or follow a substantially gainful occupation," *id.* at 147.

meaning" of a term if such definition is "necessary to its decision." *Id.* Here, the Veterans Court concluded that the 2017 Board Decision sufficiently explained "what it meant by sedentary employment," such that defining the term was not necessary to the Veterans Court's decision. *Minns*, 2019 WL 4741726, at \*2. The Board detailed Mr. Minns's statements that he "experiences acute shooting pain to both legs while sitting down or walking," J.A. 20, and acknowledged "statements throughout the record indicat[ing] [Mr. Minns] had difficulty with prolonged walking and standing and used assistive devices," J.A. 29, but also observed that he had completed college courses "with the intention of obtaining a degree in electrical engineering, a field containing sedentary jobs," J.A. 30. The Board concluded that "the preponderance of the evidence . . . indicates [that Mr. Minns] can still perform sedentary work," J.A. 29, as he "could still perform jobs that would allow [him] to sit or stand at will, or take breaks to sit or stand as needed," J.A. 30. As the Veterans Court found, this discussion sufficiently expressed what the Board meant by "sedentary employment." *Minns*, 2019 WL 4741726, at \*2. Thus, it was not necessary for the Veterans Court to define the term in order to reach its decision to affirm the 2017 Board Decision. *Id.* Accordingly, § 7261(a)(1) did not require the Veterans Court to define the term "sedentary employment."[3]

---

[3] Alternatively, the VA argues that the Veterans Court was not required to define "sedentary employment" because a Board decision is not an "action of the Secretary" under § 7261(a)(1). *See* Appellee's Br. 21–25. In light of our conclusion that § 7261(a)(1) did not require the Veterans Court to define the term "sedentary employment," we need not reach the issue of whether a Board decision is an "action of the Secretary" under § 7261(a)(1). *Cf. Burris v. Wilkie*, 888 F.3d 1352, 1361 (Fed. Cir. 2018) (holding that

Mr. Minns's primary counterargument is unpersuasive. Mr. Minns argues that allowing VA adjudicators to consider the meaning of "sedentary employment" on a "case-by-case basis from the medical and lay evidence presented and in light of each veteran's education, training, and work history," Appellant's Br. 20–21 (citing *Withers*, 30 Vet. App. 149–50), "is a sure recipe for decisional anarchy," *id.* at 21. Mr. Minns's argument is without merit. Application of the controlling rules or precedent to the individual facts of each case is the hallmark of our common-law adjudicatory system. *See Bettencourt v. Bd. of Registration in Med. of Mass.*, 904 F.2d 772, 783 (1st Cir. 1990) (describing how a judge performing "traditional adjudicatory functions . . . decides facts, applies law, and otherwise resolves disputes on the merits") (internal quotation marks omitted); *cf. Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923) (explaining that the judiciary has the duty of "interpreting and applying" governing law and rules "in cases properly brought before the courts"). Additionally, alternative means exist to achieve a uniform definition of "sedentary employment." For example, veterans may petition the VA for rulemaking under 5 U.S.C. § 553(e) to add a formal definition of the term to 38 C.F.R. § 4.16, and may seek review in this court should the VA deny the petition. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 859 F.3d 1072, 1075 (Fed. Cir. 2017) (stating that this court has jurisdiction to review VA actions under 5 U.S.C. § 553).[4]

---

"[h]aving resolved [the] . . . particular challenge" on appeal, "we need not" address the appellant's alternative argument regarding the Veterans Court's equitable powers).

[4] Mr. Minns also appears to argue that we should order the VA to adopt the SSA's definition of "sedentary work." *See* Appellant's Br. 24–26 (citing 20 C.F.R. § 404.1567(a)); *see also* 20 C.F.R. § 404.1567(a) (defining

CONCLUSION

We have considered Mr. Minns's remaining arguments and find them unpersuasive.  The Final Judgment of the U.S. Court of Appeals for Veterans Claims is

**AFFIRMED**

---

"[s]edentary work" for SSA purposes as "involv[ing] lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools").  This argument is misplaced.  "[G]iven the comprehensive statutory and regulatory scheme for the award of veterans' benefits, it would be not be appropriate for [us] to impose" an SSA definition on the VA.  *White v. Principi*, 243 F.3d 1378, 1381 (Fed. Cir. 2001).  Further, "Congress left it to the VA, and not this court, to determine how best to weigh evidence in veterans' benefits cases[,]" and "[o]ur limited role in this area is further reinforced by our general inability to review [Veterans Court] decisions on factual issues." *Id.*